IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANNY E. STARNER,

    Plaintiff,

    v.

              Civil Action 2:15-cv-2764
              Judge Gregory L. Frost
              Magistrate Judge Elizabeth P. Deavers

ADMINISTRATOR SHANE CLARK,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, Danny E. Starner, an Ohio inmate proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Defendant, Shane Clark, employee of the Chillicothe Correctional Institution ("CCI"), alleging that Defendant unlawfully retaliated against him for filing grievances. This matter is before the Undersigned for a Report and Recommendation on Plaintiff's Motion that he titles "Special Pleader Pursuant to S.D. Ohio Civ. R. 7.2" in which he asks the Court to grant injunctive relief. (ECF No. 14.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **DENIED**.

On August 28, 2015, Plaintiff filed the instant action, alleging that Defendant retaliated and threatened additional retaliation against him for filing grievances in violation of the First Amendment. On November 19, 2015, Plaintiff filed the subject Motion. In his Motion, Plaintiff indicates that in addition to the instant action, he is currently litigating two other actions. According to Plaintiff, the fees that have been deducted from his inmate trust-fund account in order to make required partial payments of the filing fees for the instant action have depleted his

funds such that his ability to prosecute his other actions and afford hygiene and schooling materials is impaired. He therefore asserts that the prison debit scheme and procedures are unreasonable and restrict his meaningful access to the courts. In terms of relief, Plaintiff seeks an order directing CCI's warden and cashier to reimburse his account for any monies that were deducted that exceeded $10.00 in a particular month.

Federal Rule of Civil Procedure 65(a) and (b) permit a party to seek injunctive relief when the party believes it will suffer immediate and irreparable injury, loss, or damage. Fed. R. Civ. P. 65(a) and (b). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

The Undersigned recommends denial of Plaintiff's request for injunctive relief because the relief he seeks and the bases for that relief are unrelated to the allegations in his Complaint. As the United States Supreme Court has explained, "[a] preliminary injunction is . . . appropriate to grant intermediate relief of the same character as that which may be granted finally," but is inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit." *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945). Thus, courts consistently deny motions for preliminary injunctions where the requested relief is unrelated to the conduct alleged in the complaint. *See, e.g.*, *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) (denying preliminary injunction because "a district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit"); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (denying preliminary injunction where the moving party failed to "establish a relationship between the

injury claimed in the party's motion and the conduct asserted in the complaint"); *Ball v. Famiglio*, 396 F. App'x 836, 838 (3d Cir. 2010) (denying preliminary injunction where individuals whose conduct movant sought to enjoin were not named defendants and where most of the relief requested was unrelated to allegations in complaint); *see also Colvin v. Caruso*, 605 F.3d 282, 299–300 (6th Cir. 2010) (noting that the trial court could have denied the requested injunctive relief on the grounds that the request was improper because it was not premised upon a claim in the original complaint).

Here, the bases upon which Plaintiff seeks injunctive relief are unrelated to the retaliation claims he raised in his Complaint. Indeed, the individuals from whom Plaintiff seeks relief are not named as defendants in this action. Accordingly, it is **RECOMMENDED** that Plaintiff's request for injunctive relief be **DENIED**. (ECF No. 14.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  November 23, 2015                           /s/ *Elizabeth A. Preston Deavers*
                                                                    ELIZABETH A. PRESTON DEAVERS
                                                                    UNITED STATES MAGISTRATE JUDGE