UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANNY E. STARNER,

        Plaintiff,                        Case No. 2:15-cv-2764
                                               JUDGE GREGORY L. FROST
       v.                                  Magistrate Judge Elizabeth P. Deavers

ADMINISTRATOR SHANE CLARK,

        Defendant.

# ORDER

This matter is before the Court for consideration of the Magistrate Judge's November 23, 2015 Report and Recommendation (ECF No. 15) and Plaintiff's objections (ECF No. 16). For the reasons that follow, the objections are not well taken.

Plaintiff, Danny E. Starner, filed his complaint and a motion for leave to proceed *in forma pauperis* in August 2015. (ECF Nos. 1, 2.) The Magistrate Judge granted the motion in September 2015 and directed the custodian of Plaintiff's inmate trust account follow a payment plan that included the submission of 20% of Plaintiff's monthly income when the amount in Plaintiff's account exceeds $10.00 until the full filing fee has been paid to this Court. (ECF No. 3, at Page ID # 43-44.)

Thereafter, Plaintiff filed a document titled "SPECIAL PLEADER Pursuant to S.D. Ohio Civ. R. 7.2." (ECF No. 14.) In this filing, Plaintiff indicated that he has two other lawsuits pending and that debits to his inmate account caused by all three cases are placing his account into the red. He asserted that the policy and procedures that the Ohio Department of Rehabilitation and Correction follow in handling inmate accounts are unreasonable and restrict

his access to the courts.  Plaintiff asked this Court to order his correctional institution to reimburse him for any amount over $10.00 per month that has been deducted from his account.

On November 23, 2015, the Magistrate Judge issued a Report and Recommendation on the "SPECIAL PLEADER pursuant to S.D. Ohio Civ. R. 7.2." filing.  (ECF No. 15.)  In the Report and Recommendation, the Magistrate Judge construed Plaintiff's filing as a motion for injunctive relief and recommended that this Court deny the motion because "courts consistently deny motions for [injunctive relief] where the requested relief is unrelated to the conduct alleged in the complaint."  (*Id.* at Page ID # 103.)  The Magistrate Judge recognized that "the bases upon which Plaintiff seeks injunctive relief are unrelated to the retaliation claims he raised in his Complaint" and that "the individuals from whom Plaintiff seeks relief are not named as defendants in this action."  (*Id.* at Page ID # 104.)

Plaintiff objects to the Magistrate Judge's Report and Recommendation.  (ECF No. 16.)  Briefing on the objection has closed, and the Report and Recommendation and objections are ripe for disposition.

When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

In his objections, Plaintiff insists that he is not seeking injunctive relief, but simply "an order commanding the [Chillicothe Correctional Institution] cashier to only debit his account when it raises [*sic*] above $10.00."  (ECF No. 16, at page ID # 107.)  Semantics do not evade the

fact that, regardless of the label applied to Plaintiff's filing, the filing fails to present grounds warranting the action Plaintiff requests.

First, the relief Plaintiff seeks is outside the scope of this action. The Court cannot see how this case provides a mechanism through which Plaintiff can assert claims of a constitutional violation against non-parties and pursue relief based on those purported violations. This alone defeats Plaintiff's filing.

Second, even if Plaintiff could pursue the relief he seeks in this context, he has failed to demonstrate any violation. Courts have consistently upheld the Prison Litigation Reform Act's filing fee provision against constitutional challenges. *See Taylor v. Delatoore*, 281 F.3d 844, 847-49 (9th Cir. 2002) (collecting cases). The Sixth Circuit has previously addressed the specific access-to-the-courts issue in *Erdman v. Martin*, 52 F. App'x 801 (6th Cir. 2002), a case involving withdrawals from an inmate's prison account caused by multiple cases. The court of appeals explained:

> Erdman contends that the withdrawals denied him access to the courts. Inmates have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 823, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). However, the right of access to the courts is not unrestricted and does not mean that an inmate must be afforded unlimited litigation resources. *See Lewis v. Casey*, 518 U.S. 343, 352-55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). There is no generalized right to litigate which is protected by the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). In *Lewis*, the Supreme Court held that an inmate claiming that he was denied his right to the courts must show that he suffered an actual litigation related injury or legal prejudice because of the actions of the defendants. *Lewis*, 518 U.S. at 349-51, 116 S.Ct. 2174.
>
> Erdman has not identified any case in which he has suffered injury or prejudice because fees were withdrawn to pay his debts. The existence of this very appeal establishes that he is not being deprived access to the courts. The argument is meritless.

*Id.* at 803. Similarly, Plaintiff has failed to demonstrate injury or prejudice here. Although Plaintiff asserts that the self-inflicted debits about which he complains create a block to filing in

3

his case, he has not shown this Court how that is true.  In fact, he is continuing to file documents on a regular and timely basis, undercutting his own premise.

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 16), **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 15), and **DENIES** Plaintiff's "SPECIAL PLEADER Pursuant to S.D. Ohio Civ. R. 7.2." filing (ECF No. 14).

**IT IS SO ORDERED.**

       /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE