UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANNY E. STARNER,

      **Plaintiff,**

      v.

ADMINISTRATOR SHANE CLARK,

      **Defendant.**

Civil Action 2:15-cv-2764
Judge Gregory L. Frost
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Plaintiff, Danny E. Starner, an Ohio inmate proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Defendant, Shane Clark, an employee of the Chillicothe Correctional Institution ("CCI"), alleging that Defendant unlawfully destroyed his legal documents and retaliated against him for having legal documents and working on his cases.  This matter is before the United States Magistrate Judge for a Report and Recommendation on Defendant's Motion for Summary Judgment (ECF No. 18) and Plaintiff's Memorandum in Opposition (ECF No. 22).  For the reasons stated below, it is **RECOMMENDED** that the Defendants' Motion be **GRANTED** and that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**.

**I.**

According to Plaintiff, he obtained approval for possession of two legal boxes in addition to his commissary box.  Plaintiff alleges that in February 2015, Defendant ordered him to throw enough of his legal work away that all documents would all fit in a single box and threatened

him with placement in segregation for noncompliance.  Plaintiff further alleges that despite his attempts to explain that he needed the documentation to litigate pending cases, Defendant ordered him to throw out important legal documents, filed a fraudulent conduct report, and placed him in isolation.  An exhibit attached to Plaintiff's Complaint reflects that he wrote to the prison's warden in March 2015 to complain about Defendant's conduct.  (ECF No. 1-2.)  The Exhibits also reflect that the Rules Infraction Board ("RIB") found Plaintiff guilty of the conduct report Defendant filed and that the warden affirmed the RIB's decision on appeal.  (*Id*.)

Upon release from segregation, Plaintiff discovered that documents had been removed from his legal box.  He attached to his Complaint a notice from the Institutional Inspector to prison staff, dated March 26, 2015, which informs CCI staff that Plaintiff "is permitted to have an additional 2.4 foot locker to be utilized for legal materials only."  (ECF No. 1-3.)  Plaintiff alleges that on July 20, 2015, Defendant, upon learning that he had his legal work spread on his bed, said, "you'll learn your lesson." (Compl. 4, ECF No. 1-1.)  Plaintiff alleges that on July 26, 2015, Defendant announced to all inmates that "he could and would toss any inmate in isolation . . . for messing with him."  (*Id*. at 5.)

Defendant filed the subject Motion for Summary Judgment on May 17, 2012.  (ECF No. 42.)  Defendant asserts that he is entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies.  In support of his Motion, he attaches the declaration of Antonio Lee, the Assistant Chief Inspector for Ohio Department of Rehabilitation and Correction ("ODRC") and custodian of the records of grievances.  In his Declaration, Mr. Lee sets forth the operative grievance procedure and states that Plaintiff "has filed no grievances, informal complaints, or appeals against any ODRC employee, including Unit Manager Shane

2

Clark." (Lee Decl. ¶¶ 4–10, ECF No. 18-1.)

Much of Plaintiff's Memorandum in Opposition focuses on the merits of his claims rather than addressing Defendant's assertion that dismissal is warranted for failed to exhaust administrative remedies. He does, however, appear to argue that the warden's denial of his appeal of the RIB's decision was final such that he did not need to file a grievance. (*See* Mem. in Opp. 3, ECF No. 22.) He also appears to argue that the filing a grievance would have been futile because the RIB decision are not grievable and does not adequately protect his interests. (*Id*. at 7, 9.) Finally, Plaintiff asserts that he had a "reasonable apprehension of fear that he would be subject[ed] to further sadistic forms of retaliation . . . ." (*Id*. at 3–4.)

## II.

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

"Once the moving party meets its initial burden, the nonmovant must 'designate specific facts showing that there is a genuine issue for trial.'" *Kimble v. Wasylyshyn*, 439 F. App'x 492, 495–96 (6th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to

3

particular parts of materials in the record"). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

### III.

The Undersigned concludes that Defendant is entitled to summary judgment on the grounds that Plaintiff failed to properly satisfy the exhaustion requirements set forth in the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a).

"A prisoner's failure to exhaust his intra-prison administrative remedies prior to filing suit 'is an affirmative defense under the PLRA . . . .'" *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) (quoting *Jones v. Bock*, 549 U.S. 199, 216 (2007)). Defendants bear the burden of proof on the affirmative defense of exhaustion. *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citations omitted) ("[F]ailure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants."). "Summary judgment is appropriate only if defendants establish the absence of a genuine dispute as to any material fact regarding non-exhaustion." *Surles*, 678 F.3d at 455. "When a prisoner's complaint contains a combination of exhausted and unexhausted claims, courts are to dismiss the unexhausted claims but retain and address the exhausted claims." *Reynolds-Bey v. Harris*, 428

F. App'x 493, 500 (6th Cir. 2011) (citing *Jones*, 549 U.S. at 220–24).

Under 42 U.S.C. § 1997e(a), as amended by the PLRA, "a prisoner confined in any jail, prison, or other correctional facility" may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 "or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." (citation omitted)). This mandatory exhaustion requirement applies to all lawsuits relating to prison conditions, regardless of the nature of the wrong or the relief sought. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "Exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). To properly exhaust, prisoners must "tak[e] advantage of each step the prison holds out for resolving the claim internally and . . . follow the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010); *Jones*, 549 U.S. at 217–18 (noting that proper exhaustion requires "[c]ompliance with prison grievance procedures").

Ohio has established a procedure for resolving inmate complaints. Ohio Admin. Code § 5120–9–31. To properly exhaust a claim seeking relief "regarding any aspect of institutional life that directly and personally affects the [inmate]," an inmate at an ODRC facility must comply with its three-step grievance system. *Id*. For the first step, the inmate must submit an informal complaint to the staff member or to the direct supervisor of the staff member or to the department most directly responsible over the subject matter with which the inmate is concerned. Ohio Admin. Code § 5120–9–31(K)(1). If the inmate is not satisfied with the results at the first

step, he may take the second step by filing a formal grievance with the inspector of institutional services at the prison where he is confined. Ohio Admin. Code § 5120–9–31(K)(2). That inspector will investigate the matter and issue a written response to the inmate's grievance within fourteen calendar days of receipt. *Id.* If the inmate is still dissatisfied, he may pursue the third step, which is an appeal to the office of the Chief Inspector of ODRC. Ohio Admin. Code § 5120–9–31(K)(3). An inmate does not exhaust his remedies under § 5120-9-31 until he has received a decision in an appeal to the office of the Chief Inspector. If an inmate has a grievance against the warden or inspector of institutional services, he must file it directly to the office of the Chief Inspector, whose decision is final. Ohio Admin. Code § 5120–9–31(M).

      The Undersigned concludes that Defendant has satisfied his burden of proving that Plaintiff failed to exhaust his administrative remedies. As set forth above, Mr. Lee avers that Plaintiff has not filed a grievance against any ODRC employee since being admitted into ODRC's custody. (Lee Decl. ¶ 10, ECF No. 18-1.) Plaintiff has not contested Mr. Lee's statement or otherwise provided documentation demonstrating that he did exhaust his administrative remedies.

      Plaintiff's apparent contention that he should be excused from the PLRA's exhaustion requirement lacks merit. To begin, neither Defendant's filing of a conduct report nor the subsequent RIB proceedings and warden's decision on appeal relieve Plaintiff from his obligation to file a grievance simply because the allegations advanced against him in the conduct report are related to some of the allegations that form the bases for the claims he asserts in this action. *See, e.g.*, *Harris v. Battle*, No. 1:12-cv-940, 2013 WL 5389240, at *4 (S.D. Ohio Sep. 24, 2013) (explaining that the warden's decision relating to an appeal of a RIB decision was

6

"unrelated" to the grievance process, was "not part of [the inmate's] grievance file, and could not be relied upon to excuse failure to comply with the grievance process); *cf. Porter*, 534 U.S. at 532 ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

Plaintiff's unsupported allegation of futility is equally unavailing. The United States Court of Appeals for the Sixth Circuit has held that "an inmate does not exhaust available administrative remedies when the inmate entirely fails to invoke the prison's grievance procedure." *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (citations omitted); *see also Napier*, 636 F.3d at 223–25 ("[T]he only way to determine if the [grievance] process was available, or futile, was to try.").

Finally, Plaintiff's conclusory assertion that he feared retaliation likewise fails to persuade the Court to conclude that he is excused from exhausting his administrative remedies. Where an inmate argues that he or she failed to file a grievance due to fear or retaliation and "a reasonable jury could conclude [a defendant's] actions and statements would deter a person of ordinary firmness from continuing with the grievance process . . . ," entry of summary judgment on the basis of failure to exhaust is inappropriate. *Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576, 577–79 (6th Cir. 2014). The *Himmelreich* Court explained that under such circumstances, the "improper actions of prison officials render the administrative remedies unavailable" *Id*. at 577. In addition, "a prisoner who contends that he failed to exhaust out of fear should also have to describe with specificity the factual basis for his fear." *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004) (internal quotation marks and citation omitted).

7

In the instant action, Plaintiff, in a single sentence of his sixteen-page Memorandum in Opposition, states generally that he feared retaliation from Defendant because he had boasted of his power to segregate prisoners who disagree with his policies. (Pl.'s Mem. in Opp. 3–4, ECF No. 22.) Significantly, Plaintiff fails to assert that Defendant's alleged threats *actually* deterred him from filing a grievance or to otherwise develop this line of argumentation. In addition, Plaintiff contested Defendant's allegations throughout the RIB process and even sent a letter to the warden concerning Defendant's alleged behavior, which undermines his otherwise conclusory allegation that he feared additional retaliation. Finally, according to the allegations in the Complaint, Defendant's verbal threats occurred in July 2015, more than four months after Defendant allegedly destroyed Plaintiff's legal work. Yet Plaintiff failed to file a grievance in the interim. Under these circumstances, the Undersigned finds that Plaintiff has failed to establish a genuine issue of material fact with regard to whether Defendant's actions rendered the grievance process unavailable to Plaintiff.

In sum, Defendant is entitled to summary judgment because he has satisfied his burden of proving that Plaintiff failed to exhaust his administrative remedies. The Undersigned therefore **RECOMMENDS DISMISSAL** of Plaintiff's claims **WITHOUT PREJUDICE** for failure to properly exhaust his administrative remedies. *See Boyd v. Corrs. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2006) (citing *Knuckles El v. Toombs*, 215 F.3d 640 (6th Cir. 2000)) ("A dismissal under § 1997e should be without prejudice.").

## IV.

For all of the reasons set forth above, it is **RECOMMENDED** that the Defendant's Motion for Summary Judgment be **GRANTED** and that Plaintiff's claims be **DISMISSED**

**WITHOUT PREJUDICE** for failure to properly exhaust his administrative remedies.  (ECF No. 18.)

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the

issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


**DATE: March 21, 2016**            /s/  *Elizabeth A. Preston Deavers*
                                    **ELIZABETH A. PRESTON DEAVERS**
                                    **UNITED STATES MAGISTRATE JUDGE**