UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANNY E. STARNER,

        Plaintiff,                      Case No. 2:15-cv-2764
                                         JUDGE GREGORY L. FROST
    v.                                    Magistrate Judge Elizabeth P. Deavers

ADMINISTRATOR SHANE CLARK,

        Defendant.

## OPINION AND ORDER

        This matter is before the Court for consideration of the Magistrate Judge's March 21, 2016 Report and Recommendation (ECF No. 23) and Plaintiff's objections (ECF No. 25). Plaintiff, Danny Starner, is an Ohio inmate who filed a complaint in which he asserts that Defendant, Shane Clark, unlawfully destroyed Plaintiff's legal documents and retaliated against Plaintiff for pursuing litigation. Defendant filed a motion for summary judgment, arguing that this Court should dismiss the complaint for failure to meet the exhaustion requirements of the Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e. The Magistrate Judge recommended that the Court should grant the motion for summary judgment and dismiss Plaintiff's claims without prejudice. (ECF No. 23, at Page ID # 179.) Plaintiff objects to this recommendation. Briefing on the objections has closed, and the Report and Recommendation and objections are ripe for disposition.

        When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff's ten, often overlapping objections are predicated on his rejection, or at least misunderstanding, of the applicable exhaustion requirements and the civil procedure rules that govern this litigation.  For example, Plaintiff argues in his objections that he was inadvertently led to believe that the Warden's decision was a final decision and that further exhaustion was unnecessary.  The objections based on this argument ignore the fact that there is not a "good faith misunderstanding" exception to the exhaustion requirement.  Nor is there an applicable "extraordinary circumstances" exception; as the Magistrate Judge correctly explained, Plaintiff failed in his summary judgment briefing to set forth with specificity his grounds for fearing that pursuit of exhaustion would inevitably lead to retaliation and consequent actual deterrence.

Plaintiff also contends that the Magistrate Judge erred in accepting the exhaustion argument because Defendant waived the defense by filing a motion for summary judgment and not a Federal Rule of Civil Procedure 12(b) motion.  But a defendant is not required to file an answer or a Rule 12 motion before filing a motion for summary judgment.  *See* Fed. R. Civ. P. 56(b).

Plaintiff further objects on the grounds that the prison system's processes are inadequate.  This futility argument also fails to present error.  As the Magistrate Judge explained, a self-serving declaration of futility coupled with the absence of pursuing a grievance process does not equal exhaustion or excuse a lack of trying to exhaust.

Finally, many of Plaintiff's objections go to the merits of his claims.  These arguments do not present error related to the issues before this Court today, which are whether the Magistrate Judge erred in her Report and Recommendation and whether dismissal for failure to exhaust is appropriate.  The Court need not and does not opine on the underlying merits issues that Plaintiff attempts to conflate with his objections.

The Magistrate Judge's Report and Recommendation is correctly reasoned.  Accordingly, the Court **OVERRULES** Plaintiff's objections (ECF No. 25), **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 23), and **GRANTS** Defendant's motion for summary judgment (ECF No. 18).  This Court **DISMISSES** Defendant's claims **WITHOUT PREJUDICE**.  The Clerk shall enter judgment accordingly and terminate this case on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE